**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ROBERT CUSICK,                          Case No. 1:14-cv-441

       Plaintiff,                             Beckwith, J.
                                                 Bowman, M.J.
    v.
CAROLYN COLVIN
*A*CTING COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Robert Cusick filed this Social Security appeal in order to challenge the Defendant's findings that he is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents one claims of error, which the Defendant disputes. As explained below, I conclude that the ALJ's finding of non-disability should be AFFIRMED, because it is supported by substantial evidence in the administrative record.

**I. Summary of Administrative Record**

In January 2008, Plaintiff filed an application for Disability Insurance Benefits (DIB) alleging a disability onset date of June 5, 2006 due to physical and mental impairments. (Tr. 111-12). After Plaintiff's claims were denied initially and upon reconsideration, he requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). An evidentiary hearing, at which Plaintiff was represented by counsel, was held on Februay 11, 2010. (Tr. 25-64). A vocational expert, George Parsons was also present and testified. On April 2, 2010, ALJ Paul Yerian denied Plaintiff's application in

1

a written decision. (Tr. 8-24). The Appeals Council denied Plaintiff's request for review on April 12, 2011, and Plaintiff then filed a civil action in this Court. (Tr. 1-4).

On March 13, 2012, the district court remanded the case to the Agency for further administrative proceedings. (Tr. 847). The Appeals Council remanded the case on August 1, 2012. (Tr. 842-46). After Administrative Law Judge Deborah Smith (ALJ Smith) held a hearing on January 3, 2013, ALJ Smith issued an unfavorable hearing decision, dated January 17, 2013, finding Plaintiff was not disabled. (Tr. 784-97, 804-35).

Plaintiff was born on November 22, 1970 and was 41 years old on his date last insured. (Tr. 809). He has a 10th grade education *Id*. Plaintiff's past relevant work experience includes work as a bindery machine operator, cook and a stock/cashier. (Tr.18). Plaintiff alleges disability due primarily to neck pain. He has a long history of neck pain due to an injury he sustained on or around June 6, 2006, which resulted in disc bulge at C3-4; disc desiccation of the C4-5 level; disc desiccation and a disc bulging at C6-7 and moderate spondylosis and large extruding disc herniation that caused compression at the C5-6 level (Tr. 380).

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease in the cervical spine, status post ACDF at C5-6 with chronic right C6 radiculopathy." (Tr. 790). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. The ALJ determined that Plaintiff retains the following residual functional capacity ("RFC") to perform light work activity with the following limitations:

> He can handle objects with both hands (which includes gripping, holding, and grasping) only occasionally. He could finger objects with both hands frequently. He could feel with both hands (including sensing temperatures and textures) frequently. He could not be exposed to vibration. He could sit for 30 minutes at one time, for a total of four to six hours in an eight-hour workday. He could stand for 30 minutes at one time, for a total of one to two hours in an eight-hour workday. He could walk for a total of one hour. He could occasionally lift up to 20 pounds, but could never lift over 20 pounds. He could occasionally drive, stoop, kneel, crouch, and reach at waist/desk level. He could never climb, balance, crawl, or reach above the shoulder or below the waist.

(Tr. 19). Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that, while the Plaintiff is unable to perform his past relevant work, he can nonetheless perform jobs that exist in significant numbers in the national economy, including such jobs as school bus monitor, usher, attendant, and counter clerk. (Tr. 795). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by finding that plaintiff's complaints of pain were not fully credible. Upon close analysis, I conclude that Plaintiff's assignment of error is not well-taken.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are

3

both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's

4

impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, he or she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

### B. The ALJ's Decision is substantially supported

Plaintiff's statement of errors challenges the sufficiency of ALJ Smith's decision concerning his credibility, arguing that she should have found him entirely credible and that she did not support her limited number of reasons with substantial evidence. For the reasons stated below, the undersigned finds that the ALJ's credibility determination is supported by substantial evidence.

*1. Applicable Regulations and Controlling Law*

The regulations provide that the RFC is the most a claimant can still do despite his or her physical and mental limitations. See 20 C.F.R. § 404.1545(a). At the hearing

5

level, the ALJ has the responsibility of assessing a claimant's RFC. See 20 C.F.R. § 404.1546(c). The ALJ assesses the claimant's RFC assessment by evaluating all the relevant evidence, including the medical evidence and the claimant's statements concerning his abilities and limitations. See 20 C.F.R. § 404.1545(a)(3). It is the ALJ's obligation to assess the claimant's RFC based upon the record in its entirety, and it is the ALJ's duty as the factfinder to resolve conflicts in the evidence. See SSR 96-5p, 1996 WL 374183, at *5 (1996); 20 C.F.R. §§ 404.1546, 404.1527(c).

It is the province of the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant. *Rogers v. Comm'r of Social Sec.,* 486 F.3d 234, 247 (6th Cir.2007) (citations omitted). In light of the Commissioner's opportunity to observe the individual's demeanor, the Commissioner's credibility finding is entitled to deference and should not be discarded lightly. *Buxton v. Halter,* 246 F.3d 762, 773 (6th Cir.2001). In evaluating complaints of disabling pain, the fact-finder will first examine "whether there is objective medical evidence" that "confirms the severity of the alleged pain" or "can reasonably be expected to produce the alleged disabling pain." *Walters v. Comm'r of Social Sec.,* 127 F.3d 525, 531 (6th Cir.1997). "[I]f disabling severity cannot be shown by objective medical evidence alone, the Commissioner will also consider other factors, such as daily activities and the type and dosage of medication taken." *Id.* (citing 20 C.F.R. § 404.1529(c) (3)).

The ALJ's articulation of reasons for crediting or rejecting a claimant's testimony must be explicit and "is absolutely essential for meaningful appellate review." *Hurst v. Sec. of HHS,* 753 F.2d 517, 519 (6th Cir.1985). In this regard, Social Security Ruling 96–7p explains:

6

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

SSR 96–7p.

In addition, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* The ALJ's credibility decision must also include consideration of the following factors: 1) the individual's daily activities; 2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. See 20 C.F.R. §§ 404.1529(c) and 416.929(c); SSR 96–7p.

7

While an ALJ may properly consider a Plaintiff's inconsistent statements and other inconsistencies in the record, the ALJ must also consider other factors listed in SSR 96–7p, and may not selectively reference a portion of the record which casts Plaintiff in a capable light to the exclusion of those portions of the record which do not. *See Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 240–41 (6th Cir.2002). Further, a credibility determination cannot be disturbed "absent a compelling reason." *Smith v. Halter,* 307 F.3d 377, 379 (6th Cir.2001). Thus, it is proper for an ALJ to discount the claimant's testimony where there are contradictions among the medical records, his testimony, and other evidence. *Warner v. Comm'r of Soc. Sec.,* 375 F.3d at 392.

2. *ALJ's credibility determination*

In finding Plaintiff to be less than fully credible, Plaintiff argues that the ALJ failed to apply the properly regulatory factors in evaluating his credibility. Namely, Plaintiff contends that the ALJ selectively reviewed the objective evidence and failed to consider a number of reports that support Plaintiff's complaints of pain. Plaintiff further argues that the ALJ failed to properly consider Plaintiff's daily activities in assessing the functional limitations associated with his pain.

Notably, Plaintiff alleged experiencing pain in his neck, right arm, and right hand rated at 9 out of 10 on a daily basis that prevented him from more than occasionally lifting his left arm, prolonged sitting, standing, walking, climbing, bending, and stooping (Tr. 47-51, 164). The ALJ, however, determined that Plaintiff's alleged degree of pain was inconsistent with his underlying medical condition. (Tr. 17, 793). Upon careful review, the undersigned finds that the ALJ's decision indicates that he carefully considered Plaintiff's testimony and complaints of disabling pain, and properly found

8

that the objective evidence did not fully support Plaintiff's allegations of disabling pain. *See also Walters,* 127 F.3d at 531.

At the outset, as noted by the Commissioner, ALJ Smith incorporated ALJ Yerian's reasoning and findings into her decision. (Tr. 792). As ALJ Smith pointed out, the court found no problems with ALJ Yerian's decision that Plaintiff could perform a range of light work with occasional handling and frequent fingering (Tr. 787). ALJ Smith then specifically indicated that,

> "the discussion and evaluation of the medical evidence, the weight given to medical opinion evidence, and the assessment of the claimant's credibility in the previous decision issued by Judge Yerian on April 20, 2010 (Exhibit 3A) is adopted and incorporated by reference herein, except to the extent it conflicts with the order of the District Court and the remand order of the Appeals Council."

(Tr. 792)[1]. Thus, ALJ Smith's credibility findings must be viewed in conjunction with ALJ Yerian's credibility findings.

In this regard, the ALJ noted that the record contains additional medical evidence pertaining to the period between ALJ Yerian's decision on April 2, 2010 and Plaintiff' date last insured, December 31, 2011. The ALJ noted that a CT scan in December 2009 [not mentioned in the prior decision] showed the cervical fusion to be intact with no hardware problems, no evidence of pseudarthrosis, and minimal narrowing of the right neural foramen from posterior spurring at the operative level. (Tr. 793).

He also noted that Plaintiff has not required additional surgery and his treatment has remained conservative. The ALJ further noted that Plaintiff sought treatment with

---

[1] This matter was remanded for the sole purpose of reevaluating a discrepancy between the vocational expert's testimony, on which ALJ Yerian relied in determining that Plaintiff was able to perform a significant number of jobs, and the description of those jobs in the Dictionary of Occupational Titles. The District Court found no other problems with the prior decision.

Dr. Kopp in December 2010. At that time, Plaintiff complained of neck and right arm pain. (Tr. 791, 1042). On examination, Dr. Kopp observed Plaintiff was tender and tight in his trapezius muscles and had various trigger points. (Tr. 791, 1045). Yet, his stretch reflexes were normal in both upper extremities. (Tr. 791, 1045). The ALJ also noted that, in October 2011, EMG and nerve conduction studies of the right upper extremities were normal, ruling out carpal tunnel syndrome. The ALJ further cited to a physical exam in January 2012 which revealed good grip strength.

The ALJ also noted Plaintiff's testimony at the remand hearing. Namely, Plaintiff testified that his condition had gotten worse since ALJ Yerian's decision. In this regard, Plaintiff reported that he spends most of his time in bed, lying on his side with a special pillow for his head. He further testified that his ex-girlfriend comes in and does all the cleaning and laundry. Plaintiff also stated that his TENS unit no longer works and he now needs methadone in addition to percocet for his neck pain.

In light of the foregoing, in evaluating Plaintiff's credibility, the ALJ noted that imaging studies have not shown any pathology in the cervical spine that would account for the extreme level of pain alleged by Plaintiff. Plaintiff, however, argues that in making this finding the ALJ relied on only one objective study, a CT scan from 2009. Plaintiff's contention is unavailing.

As noted above, the ALJ did consider the December 2009 CT scan, however, she also considered and incorporated ALJ Yerian's credibility finding as well as the new evidence obtained since ALJ Yerian's decision. Namely, normal EMG and nerve conduction studies as well as mild findings on physical examinations. The ALJ also considered Plaintiff's treatment history. Notably, in February 2010, Dr. Kopp injected

10

Plaintiff's right shoulder and recommended conservative measures such as a TENS unit, heading pad, and home exercises. (Tr. 39-40, 791, 1046). ALJ Smith also noted that in June 2011 Plaintiff had been referred to the pain management clinic at University Hospital, that methadone was added to his percocet in June 2011, and that he received another epidural steroid injection in November 2011. (Tr. 791, 1054, 1086). ALJ Smith also reasonably considered the fact that Plaintiff had not seen a specialist such as a neurosurgeon or orthopedic surgeon, that he has never required an additional posterior fusion to improve cervical stability, and that he had not been back to Dr. Guanciale since October 2008.[2] (Tr. 28-29, 793, 815).

Additionally, ALJ Yerian also properly considered the medical opinions of record in assessing the severity, intensity, and limiting effects of Plaintiff's pain and other symptoms. (Tr. 17-18). Dr. Anthony Guanciale, Plaintiff's treating doctor, opined on August 9, 2007, that Plaintiff had cervical pain and resolving right arm pain. (Tr. 17, 383). Dr. Guanciale indicated that Plaintiff could perform a limited range of light to sedentary work.[3] (Tr. 17, 382-85). Similarly, Plaintiff completed a work evaluation on

---

[2] Plaintiff also notes the ALJ erred by considering that Plaintiff had not returned to Dr. Guanciale nor any other surgeon. However, the regulations provide for such a consideration. See 20 C.F.R. §§ 404.1529(c) and 416.929(c); SSR 96–7p.(ALJ's credibility determination may consider, inter alia, Plaintiff's medication and other treatment and any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms).

[3] Dr. Guanciale also opined that Plaintiff was permanently disabled in support of Plaintiff's claim for long-term disability benefits. The ALJ rejected this finding, however, because there was no function-by-function analysis; and because the opinion addressed an issue reserved to the Commissioner (Tr. 18, 667, 794). Notably, the ultimate issue of disability is reserved solely for the Commissioner and, therefore, under the agency's regulations, is not entitled to any special significance or controlling weight. 20 C.F.R. § 416.927(e) (3); see also Social Security Ruling (SSR) 96–5p ("Treating source opinions on issues reserved to the Commissioner will never be given controlling weight."). As the Sixth Circuit has noted, " '[t]he determination of disability is ultimately the prerogative of the Commissioner, not the treating physician.'" *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir.2004) (citing *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir.1985).

March 7, 2007, at NovaCare Rehabilitation. (Tr. 18, 264-71). The evaluation demonstrated Plaintiff could perform at the sedentary level of exertion. (Tr. 18, 264).

Next, Plaintiff argues that the ALJ's credibility finding is not substantially supported because the ALJ barely considered his daily activities and improperly questioned his motivation to work. Plaintiff's assertions are not well-taken.

Here, the ALJ's decision indicates that he properly considered Plaintiff's reported daily activities; which included going to the movies with his mom and grocery shopping with his girlfriend. The ALJ also noted that he lived alone and took care of his personal care. (Tr. 161, 793, 817). Additionally, as detailed above, ALJ Smith also incorporated ALJ Yerian's previous evaluation of Plaintiff's reported activities which including paying bills online, using the internet, and watching movies. (Tr. 17, 38-39, 46-47, 163, 168). These activities showed that, despite Plaintiff's pain, he could maintain attention for at least two-hour segments, understand and follow instructions, use a keyboard, and perform routine tasks, such as doing laundry and simple cooking. (Tr. 17, 168). ALJ Smith also noted that Plaintiff reported that walking actually helped his neck pain. (Tr. 793, 1050), which calls into question Plaintiff's testimony that he needs to spend 18 hours in bed lying down due to pain.

While these activities do not necessary establish an ability to work, the ALJ reasonably considered these activities when evaluating Plaintiff's allegations of disabling symptoms. *See* 20 C.F.R. § 404.1529(c)(3)(i) (relevance of activities when evaluating pain and functional limitations); see also *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir.2004) (permitting an ALJ to consider daily activities such as housework and social activities in evaluating complaints of disabling pain).

Similarly, the ALJ also properly considered Plaintiff's motivation to work and/or his efforts to work. (Tr. 793-94). As noted by the Commissioner, Plaintiff testified that he had not looked for work to "suit his lifestyle" since his 2010 hearing. (Tr. 794, 1060). ALJ Smith also questioned Plaintiff's motivation to work in light of his receipt of long-term disability payments from his previous employer. (Tr. 812-13). ALJ Smith found Plaintiff's complaints of pain were out of line with his admission that he was looking into working computer jobs since computer jobs involve prolonged sitting and holding up one's head. (Tr. 44-45, 794, 1060). Such a consideration was made in accordance with agency regulations. *See* 20 C.F.R. § 404.1566(c)(8)(providing that Commissioner will determine claimant not disabled if claimant remains unemployed because claimant does not wish to do a particular type of work); SSR 96-7p, 1996 WL 374186, *5 (S.S.A. July 2, 1996) ("Assessment of the credibility of an individual's statements of pain or other symptoms and about the effect the symptoms have on his or her ability to functioning must be based on a consideration of all of the evidence in the case record. This includes, but is not limited to: The consistency of the individual's statements with other information in the case record, including reports and observations by other persons concerning the individual's daily activities, behavior, and efforts to work.").

Cases involving claims of disability based primarily on complaints of disabling levels of pain that are not fully supported by clinical records or objective medical evidence are, by their very nature, particularly difficult. However, this Court must affirm so long as substantial evidence exists in the record as a whole to support the ALJ's decision, even if substantial evidence also can be found to support a contrary conclusion as to the credibility of a plaintiff's pain complaints. Although this Court may

13

have taken another view of these facts and decided them more favorably, ALJ Smith was well within her zone of choice to decide them against Plaintiff's claim. *Felisky,* 35 F.3d at 1035. Accordingly, reviewing the record as a whole, the undersigned concludes that substantial evidence exists to affirm the ALJ's credibility finding.

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT**: 1) The decision of the Commissioner to deny Plaintiff DIB benefits be **AFFIRMED** because it is supported by substantial evidence in the record as a whole; and 2) As no further matters remain pending for the Court's review, this case be **CLOSED.**

    /s Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT CUSICK,                          Case No. 1:14-cv-441

    Plaintiff,                         Beckwith, J.
                                         Bowman, M.J.
    v.
CAROLYN COLVIN
ACTING COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).